1

2

3

4            UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
5                     AT TACOMA

6   DANIEL S. HOLCOMB,

7                           Plaintiff,

8          v.                                    No. C14-5087 RBL-KLS

9   CHARLES BURNETT, JENNIFER
    MINKLER, GRAYS HARBOR COUNTY,                 ORDER TO AMEND OR SHOW CAUSE
10  GRAYS HARBOR COUNTY SHERIFF'S
    DEPARTMENT, CITY OF HOQUIAM,
11  CITY OF HOQUIAM POLICE
    DEPARTMENT, SHANE KROHN, JAMES
12  GADDIS, JEFF MYERS, STEWARD
    MENEFEE, CRAIG NEWMAN, MARK
13  MCCAULEY, TED DUBRAY, GREG
    GILBERTSON, JEFF NILES, JOHN DOE
14  BAULMOF, DENNIS LUSBY, JOHN DOE
    SHINN, BURNETT INSURANCE,
15

16                          Defendants.

17
          Before the Court for review is Plaintiff's proposed civil rights complaint.  Dkt. 5.
18
    Plaintiff has been granted leave to proceed *in forma pauperis*.  Dkt. 4.  The Court will not direct
19
    service of Plaintiff's complaint at this time because it is deficient.  However, Plaintiff will be
20
    given an opportunity to file an amended complaint.
21

22                              **DISCUSSION**

23        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

24  complaints brought by prisoners seeking relief against a governmental entity or officer or

25  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

26

    ORDER TO AMEND OR SHOW CAUSE- 1

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint or portion thereof, will be

dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual

allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct.

1955, 1965 (2007) (citations omitted).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory

allegations of the law, unsupported conclusions, and unwarranted inferences need not be

accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply

essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of

Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff purports to sue nineteen private individuals and companies, a county, a city, a

police department, and various employees of the variously named entities.  He claims that he was

convicted in the Grays County Superior Court but that his conviction is invalid because his

assailant shot him and a second individual tampered with evidence leading to his false arrest and

malicious prosecution.  Dkt. 5, pp. 6-7.  He seeks to sue these individuals, along with the chief of

the Hoquiam Police Department (HPD), HPD detectives, the Grays Harbor prosecuting and

deputy prosecuting attorneys, a Grays Harbor Superior Court Judge, his defense attorney, and a

Grays Harbor investigator for his false arrest, malicious prosecution, and false conviction.

Plaintiff also sues various deputies of the Grays Harbor Sheriff's Department for failing to

ORDER TO AMEND OR SHOW CAUSE- 2

ensure that Plaintiff received the medical care he requested.  Dkt. 5, pp. 12-13.  Plaintiff's complaint is defective for the following reasons.

**A.      Liability of Parties**

      **(1)      Municipalities**

Governmental agencies such as the Grays Harbor County Sheriff's Department and the City of Hoquiam Police Department normally cannot be sued under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  The proper defendants are Grays Harbor County and City of Hoquiam, municipalities that can be sued under § 1983.  Plaintiff has named both Grays Harbor County and the City of Hoquiam as defendants.  However, to hold such municipalities liable, Plaintiff must show the municipality itself violated his rights or that it directed its employee(s) to do so.  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994).  Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (*quoting Monell*, 436 U.S. at 690).  A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  In order to sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit.  *Id*.

      **(2)      Supervisory Liability**

Section 1983 supervisory liability cannot be based on respondeat superior.  *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).  A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  To the extent any of

ORDER TO AMEND OR SHOW CAUSE- 3

1   Plaintiff's allegations against the heads of the sheriff and police departments are premised solely

2   on the responsibility of those individuals to supervise police, sheriff, and/or jail employees alone,

3   such allegations are insufficient to state a § 1983.  To state a claim against any individual

4   defendant, plaintiff must allege facts showing that the individual defendant participated in or

5   directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren*

6   *v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154 (1999).  Because

7   vicarious liability is inapplicable to a § 1983 suit, a plaintiff must plead that each Government-

8   official defendant, through the official's own individual actions, has violated the Constitution.

9   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

10

11          **(3)     Private Individuals**

12          Plaintiff also cannot sue private actors such as Charles Burnett, Jennifer Minkler, and

13   Burnett Insurance Company in a federal Section 1983 case.  To state a claim under 42 U.S.C. §

14   1983, a complaint must allege: (i) the conduct complained of was committed by a person acting

15   under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity

16   secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535,

17   *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).   Generally, private actors

18   are not acting under color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th

19   Cir.1991).  In order to determine whether a private actor acts under color of state law for § 1983

20   purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights

21   is fairly attributable to the state.  *Id*. (*citing Lugar v. Edmundson Oil Co., Inc*., 457 U.S. 922, 937

22   (1982)).  Conduct may be fairly attributable to the state where (1) it results from a governmental

23   policy and (2) the defendant is someone who fairly may be said to be a governmental actor.

24   *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir.1999) (*citing Lugar*, 457

25

26

ORDER TO AMEND OR SHOW CAUSE- 4

U.S. at 937).  A private actor may be considered a governmental actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar*, 457 U.S. at 937.

Here, Plaintiff has not alleged facts from which it may be fairly determined that Charles Burnett, Jennifer Minkler, and Burnett Insurance were acting under color of state law.  Plaintiff must show cause why these claims and parties should not be dismissed.

### (4)    Judge, Prosecuting Attorneys, and Defense Attorney

Judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).   Prosecuting attorneys who act within the scope of their duties are also absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 431).  This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied,* 546 U.S. 1031 (2005); *Ashelman*, 793 F.2d at 1078.

A state public defender performing traditional lawyer functions is also not a state actor. *See, e.g.*, *French v. Carlson,* 368 Fed.Appx. 839 (9th Cir. 2010); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).

ORDER TO AMEND OR SHOW CAUSE- 5

An exception to the foregoing rule applies when a defense attorney conspires with state officials to deprive a client of his federal rights.  *See Tower v. Glover*, 467 U.S. 914, 923 (1984). However, a plaintiff must show an agreement or meeting of the minds to violate his constitutional rights and conclusory allegations will not suffice.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).  Here, Plaintiff merely alleges that his counsel failed to protect and defend him with integrity.  Even if this statement is construed as an allegation, it is no more than conclusory.

Plaintiff must show cause why the foregoing claims and parties should not be dismissed.

**B.     False Arrest, Imprisonment, Invalid Conviction**

Plaintiff seeks monetary damages relating to his February 22, 2011 arrest and/or conviction.  Dkt. 5-1, p. 1.  However, this action is not cognizable under 42 U.S.C. § 1983. When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff does not allege that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

ORDER TO AMEND OR SHOW CAUSE- 6

1  determination, or called into question by a federal court's issuance of a writ of habeas corpus.

2  Thus, he must show cause why this claim should not be dismissed.

3  **C.     Medical Care**

4         Plaintiff alleges that various individuals denied him access "to proper and sufficient

5  medical treatment," which Plaintiff claims "resulted in severe physical complications wherein

6  Plaintiff nearly lossed [sic] his life." *See, e.g.,* Dkt. 5, p. 10.  However, Plaintiff has not provided

7  enough facts to support an Eighth Amendment denial of medical care claim.  To establish a

8  constitutional violation under the Eighth Amendment due to inadequate or denial of medical

9  care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical

10 need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Deliberate indifference to a prisoner's

11 medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id.*

12 Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's

13 response to the prisoner's need, by the intentional denying or delaying access to medical care, or

14 the intentional interference with treatment once prescribed.  *Id.*  "Medical malpractice does not

15 become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at

16 106.

17        Here, Plaintiff merely claims that he was denied medical care.  Plaintiff must set forth

18 facts that (1) describe his condition and serious medical needs, (2) identify the person(s) who

19 were intentionally indifferent to those medical needs; (3) describe exactly what that person(s) did

20 or failed to do; (4) identify when the indifference occurred; (5) describe how the action or

21 inaction of that person(s) violated his rights; and (6) describe what specific injury Plaintiff

22 suffered because of that conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).  Conclusory

ORDER TO AMEND OR SHOW CAUSE- 7

allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. Thus, once Plaintiff files an amended complaint, the original complaint will no longer serve any function in this case and reference to the original complaint is unacceptable.

Plaintiff should complete all sections of the Court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **March 3, 2014**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or

ORDER TO AMEND OR SHOW CAUSE- 8

1    appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical

2    injury."  28 U.S.C. § 1915(g).

3            **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

4    **1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of**

5    **this Order and a copy of the General Order to Plaintiff**.

6            **DATED** this  4th  day of February, 2014.

7

8

9                                                Karen L. Strombom
                                                United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER TO AMEND OR SHOW CAUSE- 9