1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL S. HOLCOMB,

9

Plaintiff,

10

v.

11

CHARLES BURNETT, JENNIFER
MINKLER, GRAYS HARBOR COUNTY,
GRAYS HARBOR COUNTY SHERIFF'S
DEPARTMENT, CITY OF HOQUIAM,
CITY OF HOQUIAM POLICE
DEPARTMENT, SHANE KROHN, JAMES
GADDIS, JEFF MYERS, STEWARD
MENEFEE, CRAIG NEWMAN, MARK
MCCAULEY, TED DUBRAY, GREG
GILBERTSON, JEFF NILES, JOHN DOE
BAULMOF, DENNIS LUSBY, JOHN DOE
SHINN, BURNETT INSURANCE,

No. C14-5087 RBL-KLS

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

12

13

14

15

16

17

18

Defendants.

19

20

Before the Court is Plaintiff's motion for the appointment of counsel.  Dkt. 8.  Having

21

carefully reviewed the motion and balance of the record, the Court finds that the motion should

22

be denied.

23

**DISCUSSION**

24

25

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

26

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

ORDER DENYING MOTION FOR COUNSEL- 1

1 *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

2 discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

3 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

4 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

5 *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

6

7 circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

8 the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

9 issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

10 *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

11 has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

12 articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

13 1101, 1103 (9th Cir. 2004).

14

15          Plaintiff states that he cannot afford to hire counsel.  Dkt. 8.  However, the inability to

16 hire counsel is not an exceptional circumstance warranting court appointment.  This case does

17 not involve complex facts or law and Plaintiff has shown an ability to articulate his claims in a

18 clear fashion understandable to the Court.  Further, Plaintiff has does not show that he is likely to

19 succeed on the merits of his case.

20          Accordingly, it is **ORDERED:**

21
          (1)      Plaintiff's motion for counsel (Dkt. 8) is **DENIED.**
22

23 //

24 //

25 //

26 //


ORDER DENYING MOTION FOR COUNSEL- 2

(2)      The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 3rd day of March, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL- 3