UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL S. HOLCOMB,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES BURNETT, JENNIFER MINKLER, GRAYS HARBOR COUNTY, GRAYS HARBOR COUNTY SHERIFF'S DEPARTMENT, CITY OF HOQUIAM, CITY OF HOQUIAM POLICE DEPARTMENT, SHANE KROHN, JAMES GADDIS, JEFF MYERS, STEWARD MENEFEE, CRAIG NEWMAN, MARK MCCAULEY, TED DUBRAY, GREG GILBERTSON, JEFF NILES, JOHN DOE BAULMOF, DENNIS LUSBY, JOHN DOE SHINN, BURNETT INSURANCE,<br><br>　　　　　　　Defendants. | No. C14-5087 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: May 2, 2014** |

*Pro se* Plaintiff Daniel S. Holcomb, proceeding *in forma pauperis,* brings this 42 U.S.C. § 1983 civil rights action alleging that his civil rights were violated when he was wrongfully convicted. Dkt. 5. The Court noted several deficiencies in the complaint and declined to serve it. The Court ordered Plaintiff to file an amended complaint or to show cause why his complaint failed to state a claim under 42 U.S.C. § 1983. Plaintiff requested and was granted an extension of his deadline to comply with the Court's Order. His latest deadline was April 3, 2014. He has

REPORT AND RECOMMENDATION - 1

failed to respond. The Court recommends that the complaint be dismissed without prejudice prior to service for failure to state a claim.

## PLAINTIFF'S ALLEGATIONS

Plaintiff purports to sue nineteen private individuals and companies, a county, a city, a police department, and various employees of the variously named entities. He claims that he was convicted in the Grays County Superior Court but that his conviction is invalid because his assailant shot him and a second individual tampered with evidence leading to his false arrest and malicious prosecution. Dkt. 5, pp. 6-7. He seeks to sue these individuals, along with the chief of the Hoquiam Police Department (HPD), HPD detectives, the Grays Harbor prosecuting and deputy prosecuting attorneys, a Grays Harbor Superior Court Judge, his defense attorney, and a Grays Harbor investigator for his false arrest, malicious prosecution, and false conviction. Plaintiff also sues various deputies of the Grays Harbor Sheriff's Department for failing to ensure that Plaintiff received the medical care he requested. Dkt. 5, pp. 12-13.

## DISCUSSION

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To sustain a § 1983 action, a plaintiff must show (a) that she suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position. *See City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436

REPORT AND RECOMMENDATION - 2

U.S. 658, 691–94 (1978).  Generally, private parties do not act under color of state law.  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  Plaintiff's complaint should be dismissed for the following reasons.

**A.      Liability of Parties**

   **(1)      Municipalities**

Governmental agencies such as the Grays Harbor County Sheriff's Department and the City of Hoquiam Police Department normally cannot be sued under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  The proper defendants are Grays Harbor County and City of Hoquiam, municipalities that can be sued under § 1983.  Plaintiff has named both Grays Harbor County and the City of Hoquiam as defendants.  However, to hold such municipalities liable, Plaintiff must show the municipality itself violated his rights or that it directed its employee(s) to do so.  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994).  Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (*quoting Monell*, 436 U.S. at 690).  A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  In order to sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit.  *Id*.  He has failed to do so and these municipalities should be dismissed from this action.

   **(2)      Supervisory Liability**

Section 1983 supervisory liability cannot be based on respondeat superior.  *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).  A § 1983 action may not be

REPORT AND RECOMMENDATION - 3

brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To the extent any of Plaintiff's allegations against the heads of the sheriff and police departments are premised solely on the responsibility of those individuals to supervise police, sheriff, and/or jail employees alone, such allegations are insufficient to state a § 1983. To state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154 (1999). Because vicarious liability is inapplicable to a § 1983 suit, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff has failed to allege facts sufficient to state a claim against the heads of the sheriff and police departments.

**(3) Private Individuals**

Plaintiff also cannot sue private actors such as Charles Burnett, Jennifer Minkler, and Burnett Insurance Company in a federal Section 1983 case. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Generally, private actors are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991). In order to determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the state. *Id*. (*citing Lugar v. Edmundson Oil Co., Inc*., 457 U.S. 922, 937

REPORT AND RECOMMENDATION - 4

(1982)). Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir.1999) (*citing Lugar*, 457 U.S. at 937). A private actor may be considered a governmental actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

Plaintiff has not alleged facts from which it may be fairly determined that Charles Burnett, Jennifer Minkler, and Burnett Insurance were acting under color of state law. Plaintiff was ordered to show cause why these claims and parties should not be dismissed. He has failed to do so.

**(4)    Judge, Prosecuting Attorneys, and Defense Attorney**

Judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Prosecuting attorneys who act within the scope of their duties are also absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied,* 546 U.S. 1031 (2005); *Ashelman*, 793 F.2d at 1078.

REPORT AND RECOMMENDATION - 5

A state public defender performing traditional lawyer functions is also not a state actor. *See, e.g.*, *French v. Carlson,* 368 Fed.Appx. 839 (9th Cir. 2010); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). An exception to the foregoing rule applies when a defense attorney conspires with state officials to deprive a client of his federal rights. *See Tower v. Glover*, 467 U.S. 914, 923 (1984). However, a plaintiff must show an agreement or meeting of the minds to violate his constitutional rights and conclusory allegations will not suffice. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Plaintiff merely alleges that his counsel failed to protect and defend him with integrity. Even if this statement is construed as an allegation, it is no more than conclusory.

Plaintiff was ordered to show cause why the foregoing claims and parties should not be dismissed. He has failed to do so.

**B.      False Arrest, Imprisonment, Invalid Conviction**

Plaintiff seeks monetary damages relating to his February 22, 2011 arrest and/or conviction. Dkt. 5-1, p. 1. However, this action is not cognizable under 42 U.S.C. § 1983. When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

REPORT AND RECOMMENDATION - 6

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff does not allege that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff was given an opportunity to show cause why this claim should not be dismissed. He has failed to do so.

**C.     Medical Care**

Plaintiff alleges that various individuals denied him access "to proper and sufficient medical treatment," which Plaintiff claims "resulted in severe physical complications wherein Plaintiff nearly lossed [sic] his life." *See, e.g.,* Dkt. 5, p. 10. However, Plaintiff has not provided enough facts to support an Eighth Amendment denial of medical care claim. To establish a constitutional violation under the Eighth Amendment due to inadequate or denial of medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id*. Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

REPORT AND RECOMMENDATION - 7

Here, Plaintiff merely claims that he was denied medical care. Plaintiff was given an opportunity to file an amended complaint to include factual allegations that (1) describe his condition and serious medical needs, (2) identify the person(s) who were intentionally indifferent to those medical needs; (3) describe exactly what that person(s) did or failed to do; (4) identify when the indifference occurred; (5) describe how the action or inaction of that person(s) violated his rights; and (6) describe what specific injury Plaintiff suffered because of that conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). He has failed to do so.

## CONCLUSION

Plaintiff has been given ample opportunity to amend his complaint or to show cause why his complaint should not be dismissed. He has failed to do so. This case should be **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 2, 2014,** as noted in the caption.

**DATED** this 8th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8